UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS M. SMITH, II  ) | Case No.: 4:19 CV 2819 |
| *also known as* Elizabeth Jeanee Isbell, ) | |
| ) | |
| Petitioner  ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v.  ) | |
| ) | |
| WARDEN MARK K. WILLIAMS,  ) | |
| ) | |
| Respondent  ) | ORDER |

On December 4, 2019, *Pro Se* Petitioner Thomas M. Smith, II, *aka*, Elizabeth Jeanee Isbell ("Petitioner" or "Ms. Smith"),[1] filed a Petition, pursuant to 28 U.S.C. § 2241 in the above-captioned case, seeking good conduct time credit ("GCT credit") under the First Step Act of 2018. (ECF No. 1.) Ms. Smith has several pending motions before the court: (1) Motion to Advance the Cause (ECF No. 3); Motion for the Court to Take Judicial Notice of Recent Circuit Precedent (ECF No. 5); Motion for Default Judgment (ECF No. 8); and Emergency Motion for Summary Judgment (ECF No. 15). Respondent Warden Mark K. Williams ("Respondent") also has a pending Motion to

---

[1] Petitioner, Thomas M. Smith, II, is a transgender inmate, also known as Elizabeth Jeanee Isbell ("Ms. Smith"). (Pet. at PageID #1, ECF No. 1.) Petitioner has used feminine pronouns and "Ms. Smith" when referring to herself. Thus, the undersigned will do the same.

Dismiss (ECF No. 13) before the court.

The court referred the case to Magistrate Judge Kathleen B. Burke ("Judge Burke" or "Magistrate Judge"), pursuant to Local Rule 72.2, on January 21, 2020, for preparation of a Report and Recommendation ("R & R"). (ECF No. 4.) Judge Burke filed her R & R on June 8, 2020, recommending that the court deny Ms. Smith's Motion for Default Judgment, (ECF No. 8); Motion to Advance the Cause (ECF No. 3); Motion for the Court to Take Judicial Notice of Recent Circuit Precedent (ECF No. 5); Emergency Motion for Summary Judgment (ECF No. 15); and Petition (ECF No. 1). (R & R at PageID #73, ECF No. 16.) Judge Burke also recommends that the court grant Respondent's Motion to Dismiss (ECF No. 13).

In the R & R, Judge Burke concluded that Petitioner's argument that she is entitled to GCT credits on both her post-revocation sentence and her original sentence is without merit. (*Id.* at PageID #78.) In reaching this conclusion, Judge Burke determined that although "supervised release is 'part of the penalty for the initial offense,'" . . . "the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast." (*Id.* at PageID #77 (quoting *Jamison v. Warden, Elkton Fed. Corr. Inst.*, No. 1:19-CV-789, 2019 WL 5690710, at *2 (S.D. Ohio Nov. 4, 2019).) Thus, Judge Burke rejected Ms. Smith's contention that she was entitled to GCT credits on her original sentence in addition to the GCT credits that she received for her post-revocation sentence. (R & R at PageID #78.) Consequently, Judge Burke found that the court has no basis to grant Ms. Smith the relief she seeks. (*Id.*)

Objections to Judge Burke's R & R were due on or before June 22, 2020. However, as of the date of this Order, no Objections have been filed. Accordingly, this matter is ripe for review.

The court finds, after careful *de novo* review of the Magistrate Judge's R & R and all other relevant documents in the record, that Judge Burke's conclusions are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court hereby adopts Judge Burke's R & R (ECF No. 16) in its entirety and dismisses Ms. Smith's Petition (ECF No. 1). In addition, the court hereby denies Ms. Smith's Motion for Default Judgment, (ECF No. 8); Motion to Advance the Cause (ECF No. 3); Motion for the Court to Take Judicial Notice of Recent Circuit Precedent (ECF No. 5); and Emergency Motion for Summary Judgment (ECF No. 15). The court also grants Respondent's Motion to Dismiss (ECF No. 13).

Finally, the court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 24, 2020